1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHONDOLYN R. BLEVINS, | CASE NO. C21-0073JLR |
| Plaintiff, | ORDER DISMISSING ACTION |
| v. | UNDER 28 U.S.C. § 1915(E)(2)(B) |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, et al., | |
| Defendants. | |

## I.   INTRODUCTION

Before the court are (1) *pro se* Plaintiff Shondolyn R. Blevins's complaint against Defendants Bureau of Alcohol Tobacco Firearms and Explosives ("the ATF") and the United States Attorney's Office (collectively, "Defendants") (Compl. (Dkt. #5)); and (2) Magistrate Judge Michelle L. Peterson's order granting Ms. Blevins *in forma pauperis* ("IFP") status and recommending that the court reviews this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 4)).  Under 28 U.S.C. § 1915(e), courts have authority

to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  As discussed below, Ms. Blevins's complaint falls within the category of pleadings that the court must dismiss.

## II.   BACKGROUND

On January 20, 2021, Ms. Blevins filed a motion for leave to proceed IFP and a proposed complaint.  (IFP Mot. (Dkt. # 1); Prop. Compl. (Dkt. # 1-1).)  Magistrate Judge Peterson granted Ms. Blevins IFP status on January 21, 2021, and Ms. Blevins's proposed complaint was subsequently filed on the docket.  (IFP Order; Compl.)

In her complaint, Ms. Blevins alleges that Defendants violated the Freedom of Information Act ("FOIA") and the Fourth, Fifth, and Sixth Amendments to the Constitution.  (Compl. at 3.)  She asserts that the ATF "refuse[d] to provide [her] [with] request[ed] information which [she] was entitled to prior to [her] federal trial."  (*Id.* at 5.)  As relief, she "want[s] this [c]ourt to order the ATF to provide [her] the requested information and to pay [her] for the unreasonable and any court costs [she] acquire[s]."  (*Id.*)  She does not mention the United States Attorney's Office in either her statement of the claim or in her request for relief.  (*See id.*)

## III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines:  (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

1  such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of

2  Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

3  Cir. 2000). The complaint therefore must allege facts that plausibly establish the

4  defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). The

5  court concludes that Ms. Blevins's complaint fails to state a claim.

6       Because Ms. Blevins is a *pro se* plaintiff, the court must construe her pleadings

7  liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). But even

8  liberally construed, Ms. Blevins's factual allegation is wholly inadequate to plausibly

9  establish the Defendants' liability or raise her "right to relief above the speculative level."

10 *See Twombly*, 550 U.S. at 555. At the outset, Ms. Blevins makes no factual allegations

11 involving the United States Attorney's Office. (*See* Compl.) Moreover, her sole

12 allegation—that the ATF failed to provide her requested information (*id.* at 5)—does not

13 allow either the court or Defendants to discern the nature of Ms. Blevins's FOIA claim or

14 how Defendants' conduct deprived her of any constitutional rights. *See Wood v.*

15 *Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989). Any such attempt would be mere

16 speculation.

17      Although Ms. Blevins's complaint does not need detailed factual allegations, she

18 must allege sufficient factual matter to place Defendants on notice of what her claims are

19 and the grounds upon which they rest. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.

20 2011) (requiring complaints to "contain sufficient allegations of underlying facts to give

21 fair notice and to enable the opposing party to defend itself effectively"). Because Ms.

22 //

ORDER - 3

1    Blevins fails to do so, the court concludes that her complaint fails to state a claim against

2    Defendants and dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

3          When a court dismisses a *pro se* plaintiff's complaint, the court must give the

4    plaintiff leave to amend unless it is absolutely clear that amendment could not cure the

5    defects.  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  Thus, the court grants

6    Ms. Blevins fourteen (14) days to file an amended complaint that properly addresses the

7    pleading deficiencies identified in this order.  If Ms. Blevins fails to timely comply with

8    this order or fails to file an amended complaint that corrects the identified deficiencies,

9    the court will dismiss her complaint without leave to amend.

10                              **IV.        CONCLUSION**

11         For the foregoing reasons, the court DISMISSES Ms. Blevins's complaint for

12   failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) with leave to amend within

13   fourteen (14) days of the filing of this order.

14         Dated this 2nd day of February, 2021.

15

16

17                                        JAMES L. ROBART
                                          United States District Judge

18

19

20

21

22

ORDER - 4