|     |     |     |
| --- | --- | --- |
| 1   |     |     |
| 2   |     |     |
| 3   |     |     |
| 4   |     |     |
| 5   |     |     |
| 6   |     |     |
| 7   | UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT SEATTLE | |
| 8   |     |     |
| 9   |     |     |
| 10  | SHONDOLYN R. BLEVINS, | CASE NO. C21-0073JLR |
| 11  | Plaintiff, | ORDER DISMISSING CLAIM AGAINST DEFENDANT UNITED STATES ATTORNEY'S OFFICE |
| 12  | v.  |     |
| 13  | BUREAU OF ALCOHOL TOBACCO FIREARMS AND EXPLOSIVES, et al., |     |
| 14  |     |     |
| 15  | Defendants. |     |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Shondolyn R. Blevins's amended complaint against Defendants Bureau of Alcohol Tobacco Firearms and Explosives ("the ATF") and the United States Attorney's Office (collectively, "Defendants"). (Am. Compl. (Dkt. # 10).) Ms. Blevins is proceeding *in forma pauperis* ("IFP"). (*See* IFP Order (Dkt. # 4).) Under 28 U.S.C. § 1915(e), courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious,

fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The court previously reviewed Ms. Blevins's complaint and determined that it failed to state a claim. (2/2/21 Order (Dkt. # 6) at 4.) The court again finds that the amended complaint fails to state a claim against the United States Attorney's Office and DISMISSES Ms. Blevins's claim against it without leave to amend and with prejudice. Ms. Blevins's remaining claim against the ATF may proceed.

## II.    BACKGROUND

Ms. Blevins filed a motion to proceed IFP, which Magistrate Judge Michelle L. Peterson granted on January 21, 2021. (IFP Mot. (Dkt. # 1); IFP Order.) Ms. Blevins's original complaint alleged that Defendants violated the Freedom of Information Act ("FOIA") and the Fourth, Fifth and Sixth Amendments to the Constitution. (Compl. (Dkt. # 5) at 3.) On February 2, 2021, the court found that Ms. Blevins's complaint failed to state a claim. (*See* 2/2/21 Order.) Ms. Blevins made "no factual allegations involving the United States Attorney's Office," and her sole factual allegation involving the ATF "[did] not allow either the court or Defendants to discern the nature of Ms. Blevins's FOIA claim or how Defendants' conduct deprived her of any constitutional rights." (*Id.* at 3.) The court granted Ms. Blevins leave to amend but warned that if she "fails to file an amended complaint that corrects the identified deficiencies, the court will dismiss her complaint without leave to amend." (*Id.* at 4.)

In her amended complaint, Ms. Blevins drops her constitutional claims and pleads a FOIA claim only. (*See* Am. Compl.) She alleges that in February 2020, she filed a

FOIA request with the ATF for information regarding the firearm that formed the basis of her 2012 federal conviction. (*Id.* at 1-2.) The ATF denied her request in December 2020. (*Id.* at 2.) However, in a previous FOIA request, she allegedly had received "documentation which suggest[s] that the [ATF] does possess the information [she] requested." (*Id.*) Thus, Ms. Blevins alleges that the ATF denied her February 2020, FOIA request erroneously. (*See id.*) The amended complaint still does not mention the United States Attorney's Office. (*See id.*)

### III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint therefore must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

Because Ms. Blevins is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). But even under that standard, Ms. Blevins's complete lack of allegations involving the United States Attorney's Office is plainly insufficient. As with the original complaint, the amended complaint fails to place the United States Attorney's Office on notice of what her claim is and the grounds upon which it rests. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (requiring "sufficient allegations of underlying facts to give fair notice and to

1  enable the opposing party to defend itself"). Accordingly, the court concludes that her
2  amended complaint fails to state a claim against the United States Attorney's Office and
3  dismisses her claim against this defendant pursuant to 28 U.S.C. § 1915(e)(2)(B).
4      When a court dismisses a *pro se* plaintiff's complaint, the court must give the
5  plaintiff leave to amend unless it is absolutely clear that amendment could not cure the
6  defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, the court
7  previously warned Ms. Blevins that if she failed to correct the noted deficiencies and
8  meet the required pleading standards, the court would dismiss her complaint without
9  leave to amend. (2/2/21 Order at 4.) She has not corrected those noted deficiencies
10 against the United States Attorney's Office. (*See id.* at 3; *see generally* Am. Compl.)
11 Accordingly, the court dismisses her claim against the United States Attorney's Office
12 without leave to amend and with prejudice.

### IV. CONCLUSION

    For the foregoing reasons, the court DISMISSES Ms. Blevins's claim against the United States Attorney's Office for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) without leave to amend and with prejudice. Ms. Blevins's FOIA claim against the ATF may proceed.

    Dated this 30th day of March, 2021.

JAMES L. ROBART
United States District Judge